```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO.  08-61360-CIV-ZLOCH
```

JUNE J. JOHNSON and
H. WESLEY JOHNSON,

      Plaintiffs,

vs.                                       **O R D E R**

J.C. PENNEY CORPORATION,
INC. et al.,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff's Motion To Set A Reasonable Charge For Copying Costs (DE 20).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Pursuant to Local Rule 7.1(A)(3) of the United States District Court for the Southern District of Florida, counsel for the party making a motion like the instant one must confer with opposing counsel in an effort to resolve the issues raised therein.  In addition to so conferring, the motion must include a certification that said conference occurred.  Failure to comply with Local Rule 7.1(A)(3) is grounds for denying the deficient motion.

      The Court notes that the instant Motion contains no certification that counsel for the movant conferred with opposing counsel.  This deficiency is confirmed by Defendants' Response (DE 21) to the instant Motion wherein Defendants state that Plaintiffs' counsel did not so confer before filing the instant Motion.

Counsel for Plaintiffs is counseled that pursuant to Local Rule and custom before filing a motion such as this one he must make every effort to confer with opposing counsel. <u>See</u> S.D. Fla. L.R. 7.1(A)(3); <u>see also</u> S.D. Fla. L.R. General Appx. A.I.A(1) ("Courtesy suggests that a telephone call is appropriate before taking action that might be avoided by agreement of counsel."). Motions like the instant one are unnecessary. Every effort to come to a collegial agreement between the attorneys should be made before availing themselves of the Court. By filing such motions, without prior conferral and making every effort to avoid the court involving itself in the case, litigants needlessly waste scarce judicial resources.

To conserve those resources and not have to revisit this dispute again the Court will not deny the instant Motion. Rather, it will set a reasonable cost of copying the discovery at issue and assess Plaintiffs' counsel the fees and costs Defendants incurred in responding to the instant Motion.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. that Plaintiffs' Motion To Set A Reasonable Charge For Copying Costs (DE 20) be and the same is hereby **GRANTED**;

2. Defendants shall immediately tender to Plaintiffs' Counsel the cost associated with their document production at a rate of ten (10) cents per page; and

3. By noon <u>Wednesday, December 30, 2008</u>, pursuant to Local Rule 7.1(A)(3) counsel for Defendants shall a Memorandum in accord with Local Rule 7.3(B) setting forth the attorney's fees and costs incurred in the preparation and execution of its Response (DE 21) to the instant Motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  16th  </u> day of December, 2008.

                                        WILLIAM J. ZLOCH
                                      United States District Judge

Copies furnished:

All Counsel of Record

3